In the Matter of Tyler Rodick, Plaintiff, v. NCS Pearson, Inc., Defendant.

Case No.: 4:21-cv-00408-JAM

United States District Court

Western District of Missouri

400 E 9th St.

Kansas City, MO 64106

Motion for Accommodations Under the Americans With Disabilities Act

Comes now Tyler Rodick, the plaintiff in the above-mentioned case, before this Honorable Court, with a motion for accommodations due to a disability under the Americans With Disabilities Act of 1990, 42 U.S.C. 12101 et seq. Plaintiff respectfully moves this Court as follows:

1) Plaintiff, who is proceeding pro se, respectfully requests permission to file documents and receive service via the Court's Case Management/Electronic Case Filing (CM/ECF) system. Plaintiff is blind, relying on screen-reading software on the computer to access electronic information, and would greatly benefit from the ability to communicate with the Court and the Defendant jointly by electronic means. Plaintiff lacks access to a

printer, and further lacks funds to obtain transportation to/from a third-party location, such as The UPS Store, to print, copy, and mail documents to the Court and the Defendant. This lack of funding is further exemplified in Plaintiff's Affidavit of Financial Status, docketed along with the motion to proceed in forma pauperis (Dkt Nos. 1-2).

2) Plaintiff further moves this Court for an accommodation that all hearings and proceedings before the Court take place by remote videoconferencing technology. Plaintiff lacks easy access to transportation by family or friends to and from the courthouse, and further lacks funding to obtain transportation on-demand (Uber, Lyft, etc) because of Plaintiff's fixed income and current expenses, as detailed in the affidavit of financial status referenced in paragraph 1, supra. Further, this Court's policy stating that no person may bring a cell phone or other electronic device into the building is unworkable for Plaintiff, given Plaintiff's previously-mentioned disability (see paragraph 1, sentence 2, supra). A blind person who requires transportation must bring a cellular telephone so that s/he can request transportation home after any court proceeding. Videoconferencing would remove the logistical hurdles imposed by the above-mentioned transportation difficulties, and would allow Plaintiff to meaningfully participate in court proceedings from anywhere without regard to Plaintiff's financial situation on any given day.

Plaintiff will provide documentation of disability upon request, and wishes to file such documentation under seal, and to submit such documentation electronically, to protect Plaintiff's protected health information (PHI), as that term is defined in the Health Insurance Portability and Accountability Act of 1996.

In the event that this motion is denied, Plaintiff seeks a certification under Fed.R.Civ.P. 54 that the denial of any part or all of this motion is a final judgment for purposes of appeal and that there is no just reason for delay, thus allowing an appeal of a normally non-appealable interlocutory order (28 U.S.C. 1291 et seq).

Respectfully Submitted,

/s/ Tyler Rodick, Plaintiff