UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TYLER RODICK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-00408-CV-W-JAM |
| ) | |
| ) | |
| NCS PEARSON, Inc., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

    Before the Court is Plaintiff Tyler Rodick's Motion for Accommodations. Doc. 4. In his motion, Plaintiff, who is proceeding *pro se*, indicates that he is blind and that certain accommodations would make it easier for him to litigate this case. He first asks for CM/ECF access so that he may file and review documents electronically, which would in turn allow him to utilize screen reading software. He then asks that all hearings and proceedings before the Court occur virtually, via remote videoconferencing technology, so that he can avoid traveling to the courthouse which he claims is both costly and logistically challenging. In the alternative, he asks that he be allowed to bring his cell phone into the courthouse in that he will require use of his phone to arrange for his transportation to and from the courthouse. Finally, in the event his motion is denied, he requests certification under F.R.C.P. 54 that the denial is final for purposes of immediate appeal. After reviewing his motion, considering the interests and concerns expressed therein, and reviewing existing court procedures, the Court orders the following:

1) Plaintiff's request for CM/ECF access is denied, however, Plaintiff is directed to visit https://www.mow.uscourts.gov/district/pro-se where he may access information regarding the Electronic Document Submission System (EDSS) for pro se litigants. This system should allow Plaintiff to review and upload filings electronically.

2) Plaintiff's request that all hearings be conducted virtually is denied without prejudice to refiling requests for virtual proceedings on a hearing by hearing basis and giving the Defendant, who has yet to appear in this matter, opportunity to respond.

3) To the extent Plaintiff is requesting that he be allowed to bring his phone past courthouse security, his request is denied. However, Plaintiff may leave his phone at the security checkpoint, consistent with existing court procedures, and retrieve his phone when exiting the courthouse.

4) Plaintiff's request for certification that this Order as final and appealable, pursuant to Rule 54 is denied.

**IT IS SO ORDERED.**

/s/ *Jill A. Morris*
JILL A. MORRIS
UNITED STATES MAGISTRATE JUDGE