TYLER RODICK,

    Plaintiff,

v.

NCS PEARSON, INC.,

    Defendant.

## DEFENDANT, NCS PEARSON, INC.'s ANSWER

Defendant, NCS Pearson, Inc. ("Pearson"), by and through its undersigned counsel, hereby responds to the Complaint filed against it by Tyler Rodick ("Plaintiff"), stating as follows:

### PARTIES

1. Pearson lacks sufficient knowledge or information to form a belief as to the truth of those allegations in paragraph I(A) regarding Plaintiff, but assumes those statements are correct.

2. Pearson admits that its business address in 5601 Green Valley Dr., Bloomington MN as alleged in paragraph I(B) of the Complaint, and that it is a corporation that is headquartered in Minnesota. Pearson does business as Pearson VUE.

### JURISDICTION

3. Paragraph II of the Complaint contains legal conclusions and/or statements of law to which no response is required. To the extent a response is required, Pearson admits that this Court has subject matter jurisdiction of claims under the 42 U.S.C. § 12181 *et seq.*, (the "Americans with Disabilities Act" or "ADA Title III"), but denies that Plaintiff has stated such a claim. Pearson is not a covered entity under ADA Title III and has no obligations under that law.

## ALLEGED FACTS

4. Paragraph III of the Complaint contains legal conclusions and/or statements of law to which no response is required. To the extent that Paragraph 4 includes allegations of fact, Pearson denies the remaining allegations in Paragraph III of the Complaint. Pearson admits that Plaintiff registered to take an examination offered by a client of Pearson with various accommodations. Plaintiff then requested that the accommodations be provided through an on-line platform so he would not have to travel to a testing center. Pearson then began working internally to determine whether it could provide accommodations on that particular exam through its on-line software. Pearson identified a possible solution, and proposed to Plaintiff that he take a sample test to ensure that the solution would be effective with his screen reader software. Plaintiff then ceased communication with Pearson, and filed this lawsuit.

## PLAINTIFF'S REQUESTED RELIEF

5. Paragraph IV of the Complaint contains legal conclusions and/or statements of law to which no response is required. To the extent a response is required, Pearson admits that ADA Title III provides for injunctive relief, but denies that is appropriate in this case.

6. The remaining paragraphs of the Complaint consist entirely of Plaintiff's requested relief, to which no response is required. To the extent a response is required, Pearson denies each and every item of relief sought. Likewise, Pearson states that Plaintiff is not entitled to the relief requested or any relief whatsoever.

7. Pearson denies all allegations not expressly admitted.

## GENERAL AND AFFIRMATIVE DEFENSES

1. The Complaint fails to state facts sufficient to state a claim upon which relief may be granted, Pearson is not a covered entity under ADA Title III, and Plaintiff's requests for accommodations were not denied by Pearson. Pearson was involved in the interactive process to determine if his requested accommodations could be provided, or alternatives, when Plaintiff ended the interactive process.

2. The allegations of the Complaint, and each purported cause of action contained therein, are not pled with sufficient particularity and are uncertain, vague, and ambiguous.

3. The Complaint is barred, in whole or in part, because any actions taken with respect to Plaintiff was based on honest, reasonable, and good faith beliefs in the facts as known and understood at the time, and pursuant to policies and procedures that comply with ADA Title III, to the extent that they apply.

4. Upon information and belief, Plaintiff's claims may be barred by the doctrines of laches, waiver, unclean hands and/or estoppel, including Plaintiff's decision to end the interactive process and file suit.

5. The Complaint is barred, in whole or in part, because Pearson has in place procedures to provide accommodations for individuals taking its clients' tests, and was following those procedures. Plaintiff failed to conduct a reasonable investigation regarding the above prior to filing this action. Also, Plaintiff had available remedies and complaint procedures available to him through Pearson.

6. Plaintiff's claims are barred, in whole or in part, because he has not suffered harm and, therefore, Plaintiff lacks standing.

7. Plaintiff's claims may be barred because Pearson is not entirely in control and/or

solely responsible for providing the accommodations that serve as the basis for Plaintiff's allegations.

8. Punitive damages are not an available remedy under Title III of the Americans with Disabilities Act.

9. The scope of Plaintiff's requested relief exceeds anything to which he may be entitled (any which entitlement is denied) pursuant to the claims he has asserted in his Complaint.

Because Plaintiff's Complaint is couched in broad and conclusory terms, Pearson cannot fully anticipate all defenses that may be applicable. Accordingly, Pearson reserves the right to assert additional defenses, if and to the extent that such defenses are applicable.

WHEREFORE, Defendant, NCS Pearson, Inc., prays that the Court dismiss the Complaint with prejudice, in its entirety, and award them their costs, attorneys' fees, and such other relief as the Court may deem appropriate.

Dated: August 19, 2021

**Respectfully Submitted,**

**HF Law Firm, LLC**

By: */s/ Amy M. Fowler*
Amy M. Fowler      MO 52359
6320 Brookside Plz, #170
Kansas City, MO 64113
Telephone: 913-522-4110
amy@hflawfirmllc.com
Attorneys for Defendant NCS Pearson, Inc.

38868821.2

# CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on this 19th day of August, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic filing generated by CM/ECF or via U.S. Mail for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

**HF Law Firm, LLC**

By: */s/ Amy M. Fowler*
Amy M. Fowler    MO 52359
6320 Brookside Plz, #170
Kansas City, MO 64113
Telephone: 913-522-4110
amy@hflawfirmllc.com
Attorneys for Defendant NCS Pearson, Inc.

# SERVICE LIST

Tyler Rodick
303 Darrel Court
Apt. 3
Liberty, MO 64068
Telephone: 816-368-1274
Email: twkav@kc.rr.com
*Proceeding Pro Se*