UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| TYLER RODICK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-00408-CV-W-JAM |
| | ) |
| NCS PEARSON, Inc., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff Tyler Rodick's Motion for Default Judgment. Doc. 11. In his motion, which was signed on August 6, 2021, and docketed on August 9, 2021, Plaintiff asserts that Defendant was served on July 9, 2021, and that Defendant was therefore required to Answer the Complaint 21 days later – by August 6, 2021, according to Plaintiff's calculations – and that Defendant failed to do so. He thus claims that an entry of default against Defendant is appropriate. In the alternative, he requests that the Court strike any pleading subsequently filed by Defendant for failure to timely file.

On August 19, 2021, Defendant filed its Answer to Plaintiff's Complaint as well as its Suggestions in Opposition to Plaintiff's Motion for Default Judgment. Docs. 12-13. In its Suggestions in Opposition, Defendant claims that it was served on July 9, 2021, but that it then had 21 days to return the Acknowledgement of Receipt of Summons and Complaint, making said Acknowledgement due on July 30, 2021, at which point Defendant would have an additional 21 days to file its Answer to Plaintiff's Complaint. Here, Defendant claims it returned the Acknowledgment on July 29, 2021, and that it timely filed its Answer 21 days later on August 19,

2021.

The Court notes at the outset that default judgment is not favored under the law. *See, e.g., United States v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993). "Default judgment is appropriate where the party against whom the judgment is sought has engaged in willful violations of court rules, contumacious conduct, or intentional delays. However, default judgment is not an appropriate sanction for a marginal failure to comply with time requirements." *Forsythe v. Hales*, 255 F.3d 487, 490 (8th Cir. 2001). Here, nothing indicates that there is *any* failure to comply with time requirements, let alone a marginal one.

Federal Rule of Civil Procedure 4(h) states, in pertinent part, that a corporation may be served in the manner for serving individuals as set forth in Rule 4(e)(1). Rule 4(e)(1) states that service may be effectuated by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." The Notice and Acknowledgement form included with the documents served on Defendant states that service was conducted pursuant to Rule 4(e)(1) and Missouri state law. Doc. 10, p. 3.

Missouri Supreme Court Rule 54.16 states that service may be conducted via mail and must include a notice and acknowledgment form that the defendant must return to acknowledge receipt of service. Missouri's Rule 55.25 sets forth that the defendant's answer is due *after* the acknowledgement of receipt of summons is filed in the case if service was conducted by mail. To be clear, Rule 55.25 establishes that the timing of a defendant's answer is calculated from the moment the defendant signs and returns the acknowledgement of receipt, not when the summons was first received in the mail.

The Return of Service indicates that Defendant was served via certified mail on July 9,

2021. Doc. 10. The Notice and Acknowledgement of Receipt of Summons and Complaint which was included with the various documents served states that Defendant has 21 days to complete the acknowledgement and return it to the sender. Doc. 10, p. 3. A representative for Defendant signed and returned the acknowledgement on July 29, 2021, 20 days after receipt. The Notice also states that the defendant must answer the complaint within 21 days, and here Defendant filed its Answer on August 19, 2021, exactly 21 days after the acknowledgement was signed and returned. Thus, Defendant's Answer was timely filed. Accordingly, it is,

**ORDERED** that Plaintiff's Motion for Default Judgment, or in the Alternative, to Strike (Doc. 11), is denied.

**IT IS SO ORDERED.**

                                          /s/ *Jill A. Morris*
                                          JILL A. MORRIS
                             UNITED STATES MAGISTRATE JUDGE